**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| PAUSCH LLC,<br><br>Plaintiff,<br><br>v.<br><br>TI-BA ENTERPRISES, INC.,<br><br>Defendant. | Civil Action No. 3:13-cv-6933 (PGS)(TJB)<br><br>**MEMORANDUM AND ORDER** |

**SHERIDAN, U.S.D.J.**

This matter comes before the court on defendant, Ti-Ba Enterprises, Inc.'s motion to dismiss plaintiff's complaint pursuant to Fed. R. Civ. P. 12(b)(2), 12(b)(6), and 12(b)(7) [ECF No. 4]. For the reasons that follow, defendant's motion to dismiss is granted without prejudice, and plaintiff is granted leave to file an amended complaint.

**FACTUAL BACKGROUND**

Plaintiff, Pausch LLC, is a Delaware limited liability company having a business address of 808 Shrewsbury Avenue, Tinton Falls, New Jersey 07724. Compl. at ¶1. Defendant, Ti-Ba Enterprises, Inc. ("Ti-Ba"), is a New York corporation having a business address of 25 Hytec Circle, Rochester, New York 14606. *Id.* at ¶2. Plaintiff alleges that it has continuously been selling medical apparatus in the United States utilizing the trademark PAUSCH since at least 1978. *Id.* at ¶5. On November 29, 2011, Plaintiff was issued U.S. Service Mark Registration No. 4,062,335 for the mark PAUSCH. *Id.* at ¶7. Plaintiffs further allege that Defendant is

offering for sale in this country medical apparatus under the confusingly similar name PAUSCH MEDICAL. *Id.* at 9.  On November 15, 2013, Plaintiff filed a Complaint against Ti-Ba alleging infringement of a federally registered trademark, federal unfair competition, state statutory infringement and unfair competition and common law unfair competition. In lieu of an answer, Ti-Ba filed this Motion to Dismiss the complaint for lack of personal jurisdiction over Ti-Ba pursuant to Fed. R. Civ. P. 12(b)(2); for failure to join a necessary party, Pausch Medical GmbH (for whom Ti-Ba has admittedly distributed medical apparatus bearing the stamp PAUSCH MEDICAL), pursuant to Fed. R. Civ. P. 12(b)(7); and for failure to state a claim upon which relief may be granted under Fed. R. Civ. P. 12(b)(6).

In opposition, plaintiff has supplied, by way of Declaration, information regarding the personal jurisdictional issues with respect to both Ti-Ba and a company that has not yet been named as a defendant, Pausch Medical GmbH.  The Declaration of Justin Tice states that Pausch LLC placed orders from Pausch Medical GmbH in Germany, which were shipped to Pausch LLC in New Jersey, for six months, from April 2013 through August 2013.  Tice Decl., ¶¶ 8-10. The Tice Declaration also states that, upon being informed in September 2013 that all of its future orders were to be placed through Ti-Ba, Pausch LLC placed orders for equipment through Ti-Ba in New York, which were then shipped by Pausch Medical GmbH to Pausch LLC in New Jersey.  Tice Decl., ¶¶ 11-13.

In response, Ti-Ba has submitted the Declaration of Bill Titus ("Titus Reply Decl.") stating that Pausch Medical GmbH arranged to hold the items ordered through Ti-Ba for pick up in Germany.  Titus Reply Decl., ¶ 5.  The declaration refers to the documents submitted with the Tice Declaration as Exhibit 3.  Titus Reply Decl., ¶ 6.

## DISCUSSION

Defendant Ti-Ba has moved to dismiss the complaint for lack of personal jurisdiction over Ti-Ba pursuant to Fed. R. Civ. P. 12(b)(2); for failure to join a necessary party, Pausch Medical GmbH, pursuant to Fed. R. Civ. P. 12(b)(7); and for failure to state a claim upon which relief may be granted under Fed. R. Civ. P. 12(b)(6).

### I. Personal Jurisdiction/Minimum Contacts

Pursuant to Fed. R. Civ. P. 12(b)(2), a complaint may be dismissed for lack of personal jurisdiction. "If an issue is raised as to whether a court lacks personal jurisdiction over a defendant, the plaintiff bears the burden of showing that personal jurisdiction exists." *Marten v. Godwin*, 499 F.3d 290, 295-96 (3d Cir. 2007). "To meet this burden, the plaintiff must establish either that the particular cause of action sued upon arose from the defendant's activities within the forum state ('specific jurisdiction') or that the defendant has 'continuous and systematic' contacts with the forum state ('general jurisdiction')." *Provident Nat'l Bank v. CA Fed. Sav. & Loan Assn.*, 819 F.2d 434, 437 (3d Cir. 1987) (citations omitted). Under Fed. R. Civ. P. 4(k), "'a federal district court may assert personal jurisdiction over a nonresident of the state in which the court sits to the extent authorized by the law of that state.'" *Id.* at 296 (quoting *Provident Nat'l Bank*, 819 F.2d at 437; Fed. R. Civ. P. 4(k)(1)(A)). Pursuant to the New Jersey long-arm rule, N.J. Court R. 4:4-4(c), personal jurisdiction in New Jersey "extends to the limits of the Fourteenth Amendment Due Process protection." *Carteret Sav. Bank, FA v. Shushan*, 954 F.2d 141, 145 (3d Cir. 1992). Therefore, this Court is "constrained, under New Jersey's long-arm rule, only by the 'traditional notions of fair play and substantial justice,' inhering in the Due Process Clause of the Constitution." *Id.* (quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)). Those notions require that a defendant have certain minimum contacts with the forum

state based upon the defendant's own purposeful availment "of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws." *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475 (1985). Unilateral activity on the part of the plaintiff will not cause the defendant to be subject to personal jurisdiction in that forum. *Id.*

However, physical entry into the forum state is not necessary to maintain personal jurisdiction over a defendant. *Id.* at 476. While a presence in the forum will only serve to enhance a defendant's affiliation therewith and serve to reinforce foreseeability of suit therein, "it is an inescapable fact of modern commercial life that a substantial amount of business is transacted solely by mail and wire communications across state lines, thus obviating the need for physical presence within a State in which business is conducted." *Id.* All that is necessary for sufficient minimum contacts to be established in the forum state is for "a commercial actor's efforts [to be] 'purposefully directed' toward residents of another State." *Id.*

Here, no argument has been made that Ti-Ba is subject to general personal jurisdiction before this Court. However, specific personal jurisdiction may still exist if "plaintiff's claim is related to or arises out of the defendant's contacts with the forum." *Pennzoil Prods. Co. v. Colelli & Assocs.*, 149 F.3d 197, 201 (3d Cir. 1998) (internal quotation marks omitted).

Defendant argues that, because plaintiff has not specifically pleaded jurisdictional facts alleging minimum contacts of Ti-Ba with New Jersey. However, this is not the standard. As the Third Circuit stated in *Patterson v. FBI*, 893 F.2d 595, 603-604 (3d Cir. 1990),

> A Rule 12(b)(2) motion, such as the motion made by the defendants here, is inherently a matter which requires resolution of factual issues outside the pleadings, *i.e.* whether *in personam* jurisdiction actually lies. Once the defense has been raised, then the plaintiff must sustain its burden of proof in establishing jurisdictional facts through sworn affidavits or other competent evidence. Contrary to the dissent's suggestion, therefore, at no point may a plaintiff rely on the bare pleadings alone in order to withstand a defendant's Rule

> 12(b)(2) motion to dismiss for lack of in personam jurisdiction. *See
> International Ass'n of Machinists & Aerospace Workers v.
> Northwest Airlines*, 673 F.2d 700 (3d Cir. 1982). Once the motion
> is made, plaintiff must respond with actual proofs, not mere
> allegations.

*Patterson*, 893 F.2d at 603-604 (quoting *Time Share Vacation Club v. Atlantic Resorts, Ltd.*, 735

F.2d 61, 67 n.9 (3d Cir. 1984)).

Here, the plaintiff did respond with a declaration and exhibits, asserting that Ti-Ba had

minimum contacts with New Jersey. However, the assertions made in the declaration are

lacking. Ti-Ba took orders from plaintiff; it did not ship the items to plaintiff. The Tice

Declaration states that the items plaintiff received were shipped directly from Pausch Medical

GmbH in Germany. Tice Decl., ¶¶ 11-13. In response, Ti-Ba has stated, through the Reply

Declaration of Bill Titus, that the items ordered by the plaintiff through Ti-Ba were held in a

German port for pick-up by Pausch LLC. Titus Reply Decl., ¶¶ 4-5. The Titus Reply

Declaration further states that the "Order Confirmations annexed to Plaintiff's Opposition Papers

. . . between Ti-Ba and Pausch LLC noted that the products were to be shipped to 'Paush [sic]

Medical GmbH, Graf-Zeppelin-StraBe 1, Erlangen, Germany 91056' or 'PAUSCH Medical

GmbH hold for pickup by LLC.'" Titus Reply Decl., ¶ 6. Upon review of the documents

appended to the Tice Declaration as Exhibit 3, the Court has confirmed that at least some of the

documents indicate that the products were shipped to Pausch LLC in New Jersey, while others

(largely the forms used by Ti-Ba) indicate that the products were held for pick-up at Pausch

Medical in Germany.

Irrespective of the actual circumstances surrounding the confusing documents submitted

by the plaintiff as to shipments made by Pausch Medical GmbH, it is unclear from the competing

declarations whether ***Ti-Ba itself*** reached out to New Jersey to conduct its business and would

thus have the sufficient minimum contacts necessary to establish specific personal jurisdiction. This is particularly true because the act complained of by plaintiff is not the supplying of the material bearing the Pausch mark by Ti-Ba to Pausch LLC, but the alleged supplying of those materials by Ti-Ba to others in the United States. Compl. ¶ 9; Tice Decl., ¶¶ 11-15. Plaintiff has submitted no evidence of Ti-Ba's contacts with New Jersey, apart from its alleged "middleman" activities in placing orders for plaintiff with Pausch Medical GmbH. As a result, plaintiff's complaint is dismissed without prejudice for lack of personal jurisdiction over the defendant, Ti-Ba Enterprises, Inc. Plaintiff is granted leave to file an amended complaint within thirty (30) days, outlining the jurisdictional facts that would allow it to bring its claims against defendant Ti-Ba Enterprises, Inc. before this court.

Because the Court has dismissed on jurisdictional grounds, it does not reach the additional grounds for dismissal argued by defendant in the motion to dismiss. However, the Court notes that, to the extent that Pausch Medical GmbH has rights which would be impacted by this litigation, Pausch Medical would be considered a necessary party to the litigation.

## CONCLUSION

Plaintiff Pausch LLC has brought a lawsuit for trademark infringement and New Jersey state law causes of action against defendant Ti-Ba Enterprises, Inc. However, it is unclear from the papers submitted whether Ti-Ba Enterprises has sufficient minimum contacts to subject it to specific personal jurisdiction before this court. Therefore, plaintiff's complaint is dismissed without prejudice, with leave to amend within thirty (30) days to assert the additional jurisdictional facts.

**ORDER**

It is, on this _____9_____ day of _O&#770;tober_ _____, 2014,

ORDERED that Defendant, Ti-Ba Enterprises, Inc.'s motion to dismiss the complaint

pursuant to Fed. R. Civ. P. 12(b)(2) for lack of personal jurisdiction be and is hereby

GRANTED; and it is further

ORDERED that Plaintiff's complaint is dismissed in its entirety without prejudice; and it

is further

ORDERED that Plaintiff may file an amended complaint within thirty (30) days of the

date of this Memorandum and Order.


Dated: _10/8/14_ _____, 2014                    _____
                                                    PETER G. SHERIDAN, U.S.D.J.